**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ST. JOHNS RIVERKEEPER, INC.,

       Plaintiff,

v.                                        Case No.: 3:23-cv-1244-WWB-MCR

U.S. METAL TRADING INC.,

       Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on the parties' Joint Motion for Approval of Consent Judgement (Doc. 36).[1] Therein, the parties state that they have reached a settlement of the claims in this litigation, request the entry of a Stipulated Consent Judgment (Doc. 36-1), and ask the Court to retain jurisdiction to enforce the same.

"District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997). The parties demonstrate that the proposed Stipulated Consent Judgment generally accords with the policy goals of the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq*. However, the Court is not convinced that the terms of the Stipulated Consent Judgment are lawful. Indeed, the parties' Memorandum of Law fails to address any terms with specificity. The Court, however, is bound to "careful[ly] scrutin[ize]" the terms of any proposed consent judgment

---

[1] The Joint Motion fails to fail to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the filing, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

before putting its "sanction on and power behind a decree that violates Constitution, statute, or jurisprudence." *Stovall*, 117 F.3d at 1242 (quoting *United States v. City of Mia.*, 664 F.2d 435, 441 (5th Cir. 1981) (Ruben, J., concurring)).

Moreover, the parties do not stipulate that Defendant is likely to engage in any future violations of the Federal Water Pollution Control Act or the Florida Administrative Code, and they disclaim any admission of past violations. Accordingly, there appears to be no lawful basis for the entry of injunctive relief against Defendant. *See United States v. City of Tampa*, 739 F. Supp. 3d 1055, 1063–65 (M.D. Fla. 2024) (explaining that a grant of forward-looking relief must be premised on an "ongoing" violation of law or a "certainly impending" risk of the same (quotation omitted)).

Lastly, the Court will not enter a "follow-the-law" order. (*See* Doc. 36-1, ¶ 5). Nor will it allow the parties to modify, without the Court's approval, and without citation to relevant authority, a judgment entered by the Court.[2] (*See id.* ¶¶ 27–28). The parties have settled this action and have failed to inform the Court of any reason they cannot achieve a comparable outcome by entering a private contract, since a consent decree is, essentially, a form of contract. *Reynolds v. McInnes*, 338 F.3d 1201, 1211 (11th Cir. 2003). Nor have the parties adequately established any basis for the Court to grant the requested relief. The Court therefore declines to enter the proposed Stipulated Consent Judgment.

Accordingly, it is **ORDERED** and **ADJUDGED** that the parties' Joint Motion for Approval of Consent Judgement (Doc. 36) is **DENIED**. On or before **December 1, 2025**,

---

[2] "A consent decree, although founded on the agreement of the parties, is a judgment." *Paradise v. Prescott*, 767 F.2d 1514, 1525 (11th Cir. 1985) (quoting *City of Mia.*, 664 F.2d at 439).

the parties may file a renewed motion to address the deficiencies noted herein.  Failure to timely file a motion may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Jacksonville, Florida on November 18, 2025

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record